Justice Breyer,
concurring.
As respondents point out, the Court’s interpretation of the Fair Debt Collection Practices Act may create a dilemma for lawyers who regularly engage in debt collection, including through litigation. See Brief for Respondents 44-48; Heintz v. Jenkins, 514 U. S. 291 (1995). Can those lawyers act in the best interests of their clients if they face personal liability when they rely on good-faith interpretations of the Act that are later rejected by a court? Or will that threat of personal liability lead them to do less than their best for those clients?
As the majority points out, however, the statute offers a way out of — though not a panacea for — this dilemma. Ante, at 588,599. Faced with legal uncertainty, a lawyer can turn to the Federal Trade Commission (FTC or Commission) for an advisory opinion. 16 CFR §§ 1.1 to 1.4 (2009). And once he receives that opinion and acts upon it the dilemma disappears: If he fails to follow the opinion, he has not acted in good faith and can fairly be held liable. If he follows the opinion, the statute frees him from any such liability. 15 U. S. C. § 1692k(e) (debt collectors immune from liability for “any act done or omitted in ... conformity with any advisory opinion of the Commission”). See also R. Hobbs et al., National Consumer Law Center, Fair Debt Collection §§6.12.2, 7.3 (6th ed. 2008).
*606 The FTC, of course, may refuse to issue such an opinion. See, e. g., 16 CFR § 1.1 (providing that the Commission will issue advisory opinions “where practicable” and only when “[t]he matter involves a substantial or novel question of fact or law and there is no clear Commission or court precedent” or “is of significant public interest”). Apparently, within the past decade, the FTC has received only seven requests and issued four opinions. See Tr. of Oral Arg. 27-28; see also FTC, Commission FDCPA Advisory Opinions, online at http://www.ftc.gov/os/statutes/fdcpajump.shtm (as visited Apr. 19, 2010, and available in Clerk of Court’s case file). Yet, should the dilemma I have described above prove serious, I would expect the FTC to receive more requests and to respond to them, thereby reducing the scope of the problem to the point where other available tools, e. g., damages caps and vicarious liability, will prove adequate. See ante, at 597-601. On this understanding, I agree with the Court and join its opinion.